NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
MAC DARA LYDEN,                     :
                                    :
        Plaintiff,              :
                                    :   Civil Action No. 05-4861 (JAG)
    v.                              :
                                    :   **OPINION**
LAWRENCE TIGER, et al.,             :
                                    :
        Defendants.             :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the motion of Defendants Lawrence Tiger, Jonathan Tiger, Edward Kalinowski, and Millennium Homes 2001 & Beyond, LLC ("Millennium") (collectively, "Defendants") to dismiss Plaintiff Mac Dara Lyden's ("Plaintiff") Amended Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)").[1] For the reasons set forth below, Defendants' motion is granted.

---

[1] Rule 12(b)(1) states:
Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]

## **BACKGROUND**

Plaintiff is a citizen of the State of New Jersey. (Am. Compl. at 1.) Defendants Lawrence Tiger, Jonathan Tiger, and Edward Kalinowski are also citizens of New Jersey. (Tiger Cert. ¶¶ 2, 4, 5.) Defendant Millenium is a limited liability company formed and existing under the laws of the State of New Jersey, with a principal place of business in Edison, New Jersey. (Tiger Cert. ¶ 3.)

Plaintiff, acting pro se, filed an initial complaint against Defendants on October 6, 2005, alleging tax evasion, discrimination in real estate sales, cheating (specifically of Elizabeth Tiger, one of the Defendants' wives, out of a divorce settlement), and the filing of false documents with the New Jersey Hall of Records and Courts. (Compl. at 3, 5.) On November 10, 2005, Plaintiff filed an Amended Complaint putting forth additional claims of: "falsification of bias crimes," death threats, attempted murder, violations of the Americans with Disabilities Act, and violations of the First, Fourth, Fifth, and Eighth Amendments of the Constitution. (Am. Compl. at 2-4.) In his Amended Complaint, Plaintiff requested that this Court prosecute Defendants for tax evasion, arrest defendants for death threats and attempted murder, and award Plaintiff $100 million for pain and suffering among other awards. (Id. at 19-20.) On December 20, 2005, Defendants moved to dismiss the Amended Complaint, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction and lack of standing. (Defs.' Mot. at 3, 6.) Plaintiff opposed Defendants' motion on February 3, 2006.[2] (Pl.'s Opp'n to Mot. to Dismiss.)

---

[2] In his opposition papers, Plaintiff attempts to amend his complaint a second time, to include the following additional defendants: the State of New Jersey, Monmouth County Hall of Records, US Trust Company, the CEO of US Trust Company, and CCT Investments. Pursuant to FED. R. CIV. P. 15(a), once a response to a party's pleading is served, that pleading may be amended only by leave of court or by written consent of the adverse party. Here, Plaintiff did not

## STANDARD OF REVIEW

Motions seeking dismissal for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time. See 2 Moore's Federal Practice § 12.30 [1] (Matthew Bender 3d ed. 2005). Rule 12(b)(1) challenges are either facial or factual attacks. See id. at § 12.30 [4]. "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. However,"when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Id.; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(l) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891; see also Carpet Group Int'l v. Oriental Rug Imps. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891. "The [trial] [c]ourt must be careful, however, not to allow its consideration of jurisdiction to spill over into a determination of the merits of the case, and thus must tread lightly in its consideration of the facts concerning jurisdiction." Dugan v. Coastal Indus., Inc., 96 F. Supp. 2d

---

seek leave or consent to file an additional amended complaint. Furthermore, amendment would be futile because "the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)(citation omitted). Therefore, Plaintiff's opposition papers only will be considered in so far as they oppose Defendants' motion to dismiss, and Plaintiff's attempt to include the above-named defendants will be disregarded.

481, 483 (E.D. Pa. 2000).

"[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen, 549 F.2d at 891.  The plaintiff must not only demonstrate that a controversy existed at the time it filed suit, but that it continues to exist throughout the litigation.  Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 635 (Fed. Cir. 1991), abrogated on other grounds by, Liquid Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1370 (Fed. Cir. 2004).  A motion to dismiss for lack of subject matter jurisdiction predicated on the legal insufficiency of a claim "is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'"  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir.), cert. denied, 501 U.S. 1222 (1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

## DISCUSSION

Defendants argue that Plaintiff's Amended Complaint should be dismissed because this Court does not have diversity jurisdiction over Plaintiff's claims, nor do any of Plaintiff's claims state a federal question.  (Defs.' Br. at 3-5.)  Defendants further argue that Plaintiff has no standing to bring these claims.  (Id. at 6-7.)

**I.     This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims.**

**A.     Diversity Jurisdiction is Lacking.**

A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."  28 U.S.C. § 1332.  A case falls within the court's original diversity jurisdiction only if there is complete diversity.  Wisconsin Dept. of Corrections v.

Schacht, 524 U.S. 381, 388 (1998).  Complete diversity occurs "only if there is no plaintiff and no defendant who are citizens of the same State." Id.  The presence of a non-diverse party automatically destroys jurisdiction, and jurisdiction may not be waived nor consented to. Id. at 389.

Here, Plaintiff and all Defendants are citizens of New Jersey.  Therefore, diversity jurisdiction does not exist, and accordingly, cannot form a basis for subject matter jurisdiction.

> **B.     Plaintiff's Claims Do Not Arise Under the Constitution or Laws of the United States.**

28 U.S.C § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Whether a case is one that arises "under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration[.]" Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 10 (1983) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)).  A right created by the Constitution or laws of the United States must be an essential element of Plaintiff's claim. Franchise Tax Board, 463 U.S. at 10-11.

Complaints from pro se plaintiffs are generally construed broadly. Haines v. Kerner, 404 U.S. 519, 521 (1972); George v. Lykoming County Drug Task Force, No. Civ. 3: CV 05-1775, 2006 WL 266127 at *1 (M.D. Pa. 2006).  Nonetheless, Plaintiff's Amended Complaint, even construed broadly, fails to assert a federal question.  Plaintiff's claims that Defendants have cheated Elizabeth Tiger out of a divorce settlement, have filed false documents with the New

Jersey Hall of Records and Courts, have falsified bias crimes, threatened death, and attempted murder, do not arise under the Constitution or Laws of the United States.

Plaintiff's allegations of discrimination in real estate sales also fail to raise a federal question. Plaintiff claims that Defendants discriminated against him in the sale of real estate because of his disability. (Am. Compl. at 14.) Broadly read, this could be interpreted as a claim under the Federal Fair Housing Act, 42 U.S.C. § 3604. However, the Federal Fair Housing Act does not cover instances where the disabled is the seller of the real estate, therefore this specific claim does not arise under the laws of the United States. Plaintiff also alleges that Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). However, the ADA can only apply to "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111. Plaintiff does not aver that he is, or that he ever was, an employee of any of the Defendants. Thus, he cannot assert a claim under the ADA.

Plaintiff also makes numerous claims that Defendants have abridged his Constitutional rights under the First, Fourth, Fifth, and Eighth Amendments. Although Plaintiff alleges these claims arise under the Constitution, on closer examination, it is clear that they do not. Reading the Amended Complaint broadly, Plaintiff's First Amendment claim appears to allege that Defendants abridged his First Amendment freedom of speech rights by making death threats after Plaintiff filed this lawsuit. However, the First Amendment protects against the laws of Congress, not private citizens, abridging the freedom of speech. U.S. CONST. amend. I. Therefore, Plaintiff has not stated a claim under the First Amendment of the Constitution. Likewise, Plaintiff's claim that he should be protected from Defendants' alleged real estate fraud by the Fourth Amendment is mistaken, as the Fourth Amendment right to be "secure in [his] person[], house[], papers, and

effects," U.S. CONST. amend. IV, proscribes only governmental action and is inapplicable to private individuals. United States v. Jacobsen, 466 U.S. 109, 113 (1984). Plaintiff's Fifth Amendment claim is similarly flawed. Plaintiff alleges that his Fifth Amendment rights have been violated because Defendants deprived him of life, liberty, and property, without due process of the law, or because Defendants did not provide just compensation for his property. However, like the Fourth Amendment, the Fifth Amendment proscribes federal governmental or other official action and is similarly inapplicable to private individuals. See Martin-Trigona v. D'Amato & Lynch, 559 F. Supp. 533, 534 (S.D.N.Y. 1983) ("Plaintiff's claim ignores the fundamental principle that the Fifth Amendment only concerns Federal government or other official action."). See also Public Utilities Comm. v. Pollack, 343 U.S. 451, 461 (1952) (stating that "[t]he Fifth Amendment "appl[ies] to and restrict[s] only the Federal Government and not private persons."). Finally, Plaintiff's claim that his Eighth Amendment rights have been violated, where it appears that no bail, fines, nor punishment were imposed upon him by Defendants, clearly fails to raise a federal question. U.S. CONST. amend. VIII.

The sole claim that Plaintiff makes that could arise under the Constitution or Laws of the United States is that Defendants are evading taxes, presumably in violation of 26 U.S.C. § 7201. Here, Plaintiff attempts to create a private cause of action under federal law where none exists. Tax evasion is a cause of action that may only be brought by the United States government. Cf. U.S. v. Romano, 938 F.2d 1569, 1571 (2d Cir. 1991) ("In order to prevail on this charge of tax evasion, *the government* must prove the existence of three elements . . . .") (emphasis added). Accordingly, Plaintiff's claims have not raised a federal question and this Court lacks subject matter jurisdiction over them.

**II.     Plaintiff Lacks Standing to Assert These Claims.**

A litigant is only entitled to have a court decide the merits of his particular case if he has standing to bring his claims. Warth v. Seldin, 422 U.S. 490, 498 (1975). Standing jurisprudence encompasses two strands: Article III standing and prudential standing. Elk Grove Unified School District v. Newdow, 542 U.S. 1, 11-12 (2004). Article III standing enforces the Constitution's case or controversy requirement. Id. The Constitutional minimum of standing contains three requirements:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (internal quotations and citations omitted). The requirement of an injury in fact necessitates more than a mere injury to a recognizable interest. Id. at 563 (citing Sierra Club v. Morton, 405 U.S. 727, 734 (1972)). "It requires that the party seeking review be among the injured." Lujan, 504 U.S. at 563.

Prudential standing "embodies judicially self-imposed limits on the exercise of federal jurisdiction." Elk Grove, 542 U.S. at 12 (citing Allen v. Wright, 468 U.S. 737, 757(1984)). The rule encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the respective branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Id.

8

The party invoking federal jurisdiction bears the burden of establishing standing.  Lujan, 504 U.S. at 561.  Here, Plaintiff has not established that he has standing to pursue his claims of Defendants' alleged tax evasion, filing of false records, and the swindling of Elizabeth Tiger's divorce settlement, because he is not the party harmed.  Therefore, as Plaintiff lacks standing to bring these claims, this Court lacks subject matter jurisdiction over them.  Furthermore, Plaintiff attempts to create private causes of action for tax evasion and constitutional violations where none lie.  "The former exclusively belongs to the government and the latter may only be brought against the government."  (Defs.' Br. at 8.)

## **CONCLUSION**

For the foregoing reasons, this Court concludes that it is divested of subject matter jurisdiction.  Defendants' motion to dismiss is GRANTED.

Dated: March 15, 2006

 S/Joseph A. Greenaway, Jr.
 JOSEPH A. GREENAWAY, JR., U.S.D.J.

9